IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:17-cr-00025-HZ |
| Plaintiff, | ORDER |
| v. | |
| MIKIANDRE HAMMICK-WASHINGTON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

     Defendant Mikiandre Hammick-Washington moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

and remains a danger to the community, the Court denies Defendant's Motion to Reduce Sentence.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in

18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(4).

Defendant's medical condition does not constitute an extraordinary and compelling reason to reduce his sentence. As a Black inmate, Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces and has disproportionally impacted people of color.[2] Defendant also has asthma, a condition that—when moderate or severe—might elevate a person's risk of becoming seriously ill from COVID-19.[3] Def. Mot. 7, ECF 131; Def. Ex. 2, ECF 131-2. For the treatment of his asthma, he has been prescribed a daily albuterol inhaler and an emergency steroid inhaler. *Id.* However, Defendant is only 29 years old, younger than the high-risk group identified by the CDC.[4] Defendant is also currently serving his sentence at FCI Sheridan. As of December 11, 2020, FCI Sheridan had a prison population of 1,459 with no reported deaths due to COVID-19 and one inmate and six staff testing positive for COVID-19.[5] Given that Defendant's risk factors otherwise remain low and there are few active cases in his facility, Defendant's medical condition is not an extraordinary or compelling reason to reduce his sentence to time served.

Defendant also appears to suggest that assisting his mother in caring for his three young children may qualify as an extraordinary and compelling reason justifying compassionate

---

[2] *Health Equity Considerations and Racial and Ethnic Minority Groups*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last updated July 24, 2020).

[3] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[4] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 7, 2020).

[5] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated Dec. 11, 2020). According to the BOP, eight inmates at FCI Sheridan have recovered from COVID-19. *Id.*

3 – ORDER

release. *See* Def. Mot. 15; Gov't Resp. 4. The Court acknowledges the difficulties faced by Defendant's mother raising three children during a global pandemic. But Defendant has not demonstrated that his mother is otherwise incapacitated or unable to care for his children. Defendant's desire to assist with childcare—without more—does not justify compassionate release.

In addition, Defendant's release is not warranted because he remains a danger to the community under 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. The nature of Defendant's underlying offense and the history and characteristics of Defendant are significant. He was sentenced to a period of ten months imprisonment and three years of supervised release for Felon in Possession of a Firearm. Pet. & Order Entering Guilty Plea, ECF 28; J. & Commitment, ECF 46. Seven months ago—while Defendant was on supervision for the underlying offense—the Court sentenced Defendant to eighteen months imprisonment with a twelve-month period of supervised release for violating the conditions of his release. J., ECF 129. Defendant also absconded twice while on supervised release. Order, ECF 84; Order, ECF 113.

Although Defendant has a projected release date of May 2021 and has served about seven months of his sentence, reducing Defendant's sentence would undermine the sentencing factors under 18 U.S.C. § 3553(a). The eighteen-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

///

///

///

///

4 – ORDER

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [131] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: __December 14, 2020__ .

*[signature]*
MARCO A. HERNÁNDEZ
United States District Judge

5 – ORDER